EMELINE ROBINSON v. JOHN W. BURTON.

5  293
64  439

*Error from Doniphan County.*

1.  ATTACHMENT: AFFIDAVIT: DEFECTIVE.—An original affidavit in attachment is defective and insufficient: 1. When it states the plaintiff's claim so indefinitely that it cannot be understood therefrom whether the claim is founded upon contract or upon tort. 2. And if the claim is founded upon tort, when the affidavit does not state that the cause of action arose wholly within the limits of this state. 3. When the affidavit does not state that the claim is just. 4. When the affidadit does not state the amount which the affiant believes the plaintiff ought to recover.

2.  ID: INFORMAL.—The affidavit is informal: 1. When it does not state positively, but

only inferentially, that the plaintiff's claim is just. 2. When it states simply that the plaintiff "ought justly to recover the amount" of his claim, or that "said several sums" (referring to some six different claims) "are justly due," but does not state in positive language that any one of said claims is just.

3. ID: MOTION TO DISSOLVE.—When the affidavit is insufficient, it is the duty of the court upon motion of the defendant, to dissolve the attachment, unless the plaintiff, within a reasonable time, to be fixed by the court, make the affidavit sufficient by amendment.

4. ID: MOTION TO MAKE FORMAL.—When the affidavit is informal only, the court may in its discretion, upon motion of the defendant, require that the same be made formal by amendment.

5. ID: DISSOLUTION OF.—If the plaintiff, after having ample time and opportunity to amend a defective or informal affidavit, fail to comply with an order of the court requiring the same to be done, the court may then dissolve the attachment.

6. ID: AMENDED AFFIDAVIT.—An amended affidavit that does not relate back to the time of filing the original affidavit, but whose material averments are all in the present tense, is defective and does not cure the defects of the original affidavit.

7. ID: SECOND AMENDMENT.—It is not error for the court in its discretion to refuse to allow the plaintiff a second opportunity to amend the affidavit, when ample time and opportunity have already been given in which to make such amendment.*

This was an action brought by the plaintiff in error against the defendant in error in the court below, in which an attachment was issued on an affidavit, a copy of which is given in the statement of the case *John W. Burton v. Emeline Robinson, ante, p.* 287. Pursuant to the decision of the Supreme Court in that case, and of the district court thereunder, the affidavit was amended substantially as follows:

The said Emeline Robinson, plaintiff, being first duly sworn, deposes and says that the said Emeline Robinson has commenced an action in said court against the said John W. Burton, defendant, to recover the sum of $878, now due and payable to the said plaintiff from the said defendant, on account of the several following claims, which, in the aggregate, amount to the aforesaid sum of $878.

---

1.  ⸰ATTACHMENT: AFFIDAVIT.—Semble, an affidavit for an attachment need not necessarily follow the exact language of the statute, but when it differs from it without apparent reason, courts will be justified in ordering an amendment.

2.  THAT THE CLAIM IS JUST.—The provision, that the affidavit must show "that the claim is just," means that it must show not only that it is legally, but also morally just, and so of each of several claims mentioned in the affidavit.

*First.* For a first claim deponent saith that she furnished defendant, John W. Burton, and his wife, with board and lodging, at defendant's request, from the 12th day of January, 1859, to the 12th day of May, 1860; that said board and lodging was reasonably worth the sum of $560, and defendant, though requested previous to the commencement of this action so to do, has not paid said sum; and said Emeline Robinson further saith that said claim is just, and there is now justly due her from said defendant, on account of said claim, the sum of $560, and that she ought justly to receive that amount therefor.

*Second.* For a second claim deponent saith that she furnished board and lodging to defendant, John W. Burton, at his request, from the 1st day of December, 1866, to the 15th day of January, 1867; that the said board and lodging was worth the sum of $30, and defendant has not paid said sum, though requested to do so previous to the commencement of this action; and said Emeline Robinson further saith that said claim is just, and there is now justly due her from defendant, on account of this said claim, the sum of $30, and that she ought justly to recover that amount thereof.

*Third.* For a third claim deponent saith John W. Burton sold some young cattle, the property of the plaintiff, and received therefor the sum of $60 to and for the use of plaintiff, which sum was then due and payable, and though defendant was requested to pay the same to plaintiff previous to the commencement of this action, has not done so; and said Emeline Robinson further saith that said claim is just, and that there is justly due her from defendant on account of this said claim the sum of $60, and that she ought justly to recover that amount

therefor, and that said cause of action arose wholly within this state.    *    *    *    *    *    *

The foregoing may serve as samples of the setting forth of three other claims.

After setting forth these claims thus, the affidavit continues: "Said affiant further saith that said defendant, John W. Burton, is a non-resident of the State of Kansas and is a resident of the State of Missouri, and was so resident at the commencement of this action. Plaintiff also further saith that she makes this affiant in pursuance to an order in this action of said district court, made on the 23d day of September, 1868, at the September term of said court, held at Troy, within and for the county of Doniphan."

The defendant moved to discharge the attachment on grounds: *First*, That the affidavit was defective in not showing the nature of the claims. *Second*, Because the amended affidavit "does not, for causes of attachment, relate to the time of procuring the order." *Third*, Because the causes of action set forth in the affidavit differ from those of the petition; and, *Fourth*, Because the statute does not allow an amendment.

The court sustained the motion, whereupon the defendant moved to file a second amended affidavit, which motion the court overruled.

The case is brought here on exceptions to these orders of the court.

*D. M. Johnson* and *F. Babcock*, for plaintiff in error.

*Albert Perry*, for defendant in error.

*For plaintiff in error*, it was submitted:

1. The amended affidavit, made after suit commenced, stating that the claim *is* just, is a substantial

compliance with the statute. The object of the statutory provision was to prevent the order of attachment from being granted on fictitious demands, and the *justness* of the claim must necessarily depend upon the circumstances out of which the claim arose, and be confined to a time prior to and including the time when the cause of action accrued. A claim just in its inception and still unpaid, cannot be unjust at any intermediate time. A claim that is just is one that is "true—founded in truth and justice," [*Webster*,] showing that reference is had to the original circumstances out of which it grew.

2. The law should be construed according to the approved usage of the language used. [*Gen. Stat.*, 999.] If the legislature had meant more it would have so prescribed, as in other states.

3. "An amended answer embracing the allegations of the original," should be treated as a substitute for the original. *White v. Humpton,* 9 *Iowa,* 181; 1 *Van Santvoord's Pl.,* 2d *Ed.,* 800.

The order of the court gave leave to file a "good and sufficient" affidavit, and if this had been the original no question could have been raised as to its sufficiency on this point.

No affidavits were read by defendant's counsel to impeach the *justness* of the plaintiff's claims, and the court, after holding as it did, should have granted plaintiff's motion to be allowed to amend instanter in that particular, the objection being purely technical, and the code, in the most unequivocal language, authorizing and directing the curing of defects in *proceedings* under it, the same as in pleadings. "The court, in every stage of the action, *must* disregard any error or defect in the pleadings or proceedings which does not affect the substantial

rights of the adverse parties." § 140, *Code; Butcher v. Bank of Brownville*, 2 *Kas.*, 80.

4.   If a part of the defendant's several objections were good in fact, and one of the claims stated in the affidavit corresponded with one in the petition, and was stated according to the requirements of the law, it is sufficient.

5.   An affidavit for an attachment may be amended. § 139, *Civil Code; Farman v. Walter*, 13 *How. Pr.*, 348; *Morgan v. Avery*, 7 *Barb.*, 660.

*Perry, for defendant in error*, submitted:

The court below permitted plaintiff to amend her affidavit for attachment, and failing for ten days to file a sufficient affidavit, the attachment was rightfully discharged.

2.   The allegations of the amended affidavit relate entirely to the filing of the same.   They are in the present tense, except the allegations of non-residence.  "The claim is just"—"there is justly due"—"the plaintiff ought justly to recover," etc., are its averments.   For these reasons the court below quashed the affidavit and discharged the attached property.

The averments of an amended affidavit for attachment should relate to the time of suing out the order of attachment, for if they relate to the existence of the grounds of attachment at the time the amended affidavit is filed, they will not sustain an attachment.   *Drake on Attach.*, 3d *Ed.*, § 113; *Wadsworth v. Cheeney*, 9 *Iowa*, 257; *also same case on second appeal*, 11 *Iowa*.

*By the Court*, VALENTINE, J.

This cause was before us upon another question at

the last term of this court. It was then brought before us by the defendant, to reverse an order of the district court, that refused to dissolve the attachment, but continued it in force, and allowed the plaintiff to amend her original affidavit within ten days after the adjournment of the court. We sustained the action of the district court. *See Burton v. Robinson, ante, p.* 287.

The plaintiff amended her original affidavit by filing an amended affidavit within the ten days prescribed by the district court. At the next term of the district court the defendant again moved the court to dissolve the attachment for defects which the amended affidavit did not cure. The court ssutained his motion and dissolved the attachment, and the plaintiff now brings the case to this court to reverse said order of the district court on said motion.

ATTACHMENT:       That the original affidavit was defective there
Affidavit.        is scarcely room for any doubt. It does not sufficiently show the nature of the plaintiff's claims, or at least of the third, fourth and fifth claims. [*Sub.* 1, § 200, *Comp. L.,* 155; *Drake on Attachment,* § 96, 104.] It is difficult to understand as to these claims, last mentioned, whether they are founded upon torts or upon contract; and if they are founded upon torts, the affidavit is open to the further objection that it does not state that the causes of action upon which these claims are founded arose wholly within the limits of this state. § 1, *Laws of* 1866, 182.

As to claims numbered 3, 4, 5 and 6, the affidavit does not sufficiently show the amount, which the affiant believes the plaintiff ought to recover. *Sub.* 3, § 200, *Comp. L.,* 155.

The court below decides that the affidavit does not sufficiently show that the plaintiff's claims are just. [*Sub.*

2, § 200, *Comp. L.*, 155.] All that the affidavit states upon this subject, as to claims numbered 1 and 2, is as follows: It states that the plaintiff " ought *justly* to recover the amounts thereof;" and near the close of the affidavit it states generally as to all the claims, six in number, "that the several sums claimed by the plaintiff are *justly due.*" That this is manifestly an informal way of stating the matter will be readily admitted, but whether this informality renders the affidavit insufficient is not so obvious. It is probably not such a defect as would authorize the court to arbitrarily dissolve the attachment without first giving the plaintiff ample opportunity to amend her affidavit. It is even probable that the defect is not so fatal, that this court would hold the affidavit insufficient if the district court had held it sufficient. We think, however, it is such a defect as would authorize the district court to require the plaintiff to amend the affidavit so as to make the statement more formal and definite. Probably no one will contend that the affidavit should follow the exact language of the statute, but when it differs from the statute without any apparent reason therefor, courts will be justified in requiring that the reason be made obvious, or that the affidavit be so amended as to conform to the statute. The statute requires that the affidavit shall show, " First, the nature of the plaintiff's claim; Second, that it is just; Third, the amount which the affiant believes the plaintiff ought to recover; and, Fourth, the existence of some one of the grounds for an attachment," [§ 200, *Comp. L.*, 155;] which grounds are enumerated in another section of the statutes. § 1, *Laws of* 1866, 182.

The words just and justly, do not always mean just and justly, in a moral sense, but they not unfrequently in their connection with other words in a sentence, bear a

very different signification. It is evident, however, that
the word "just" in the statute, means just in a moral
sense; and from its isolation, being made a separate sub-
division of the section, it is intended to mean morally
just, in the most emphatic terms. The claim must be
*morally* just, as well as legally just, in order to entitle a
party to an attachment. If the claim is morally unjust,
but, notwithstanding, the owner thereof thinks he can
legally recover the same by an action at law, provided he
can obtain an attachment, and not otherwise, it is but
natural, or at least the temptation is great, for him to
try to make a compromise between his conscience and the
rigid language of this austere statute, and so frame the lan-
guage of his affidavit as not to do any great violence to
either his conscience or the statute. He may think that
it is easier to swear that the claim is justly *due* than to
swear that it is morally *just* without any reference as to
whether it is due or not, and where there are six different
claims as in this case, some of which may be just and
some of them unjust, he may think that it is easier to
swear that the *several sums claimed* by the plaintiff are
justly *due* than to swear to each claim separately that it is
*just*. If he has a legal right to recover an unjust claim
for say $100, he may think that it is easier to swear that
he " ought justly to recover that *amount*," than to swear
that the claim is *just* without any reference whatever as
to his legal right to recover the sum of $100, or any
other specific amount. In the one case his attention is
called more particularly to the question whether the claim
is *due* or not, and not to the question whether it is *just*.
In the other case his attention is called more particularly
to the question, what is the *amount* of the claim? and not
is it just? Whenever there seems to be a disposition to
evade the moral force of the statute by departing from

its language or by inserting foreign or irrelevant matter which the statute has intentionally excluded, or by swearing to two propositions in the aggregate which the statue requires to be sworn to separately, or by swearing to the justness of the claim only inferentially, when the statute requires that it be sworn to positively, whenever there seems to be a studied effort to evade swearing to the bold and naked proposition that the claim is *just* in the abstract as well as in the concrete, there seems to be an eminent propriety in the court requiring that the language of the statute be strictly complied with, and particularly so when the natures of the claims themselves are not fully set forth. When the claims appear to be stale and probably barred by the statute of limitations, and when there seems to be an effort to convert a tort into a contract, so that it may be united in the action with other claims founded on contract, when all this appears, and when it is remembered with what facility *ex parte* affidavits are obtained, no one will censure the court for requiring with such great exactness the scrupulous fulfillment of the statute. Of course cases might arise, and probably do arise, in which the court would not be justified in being so scrupulously exact. We would refer to the following authorities upon this point: *Drake on Attachment, 3 Ed.*, § 95; *Worthington v. Carey, 1 Metc., Ky.*, 470; *Taylor v. Smith, 17 Ben. Monroe*, 536, 542; *Constable v. White, 1 Handy*, 44.

DISSOLUTION OF Attachment.     Where the affidavit is clearly insufficient, as this is in many respects, it is undoubtedly the duty of the court upon motion of the defendant, to dissolve the attachment, unless the plaintiff shall within a reasonable time, to be fixed by the court, make the affidavit sufficient by amendment, and where the affidavit is informal only, as this is, in not stating positively, but

only inferentially, that the claim is just, the court may in its discretion, upon motion of the defendant, require by order, that the affidavit be made formal by amendment. And the court having made such order it undoubtedly has the power and the right to enforce the same, even to the dissolving of the attachment.

AMENDED: Affidavit. And now, turning our attention to the amended affidavit, we would say that it is also undoubtedly defective in not relating back to the time of filing the original affidavit. [*Drake on Attachment, 3d Ed.,* § 113; *Crouch v. Crouch,* 9 *Iowa,* 269, 271; *Wadsworth v. Cheeney,* 10 *id.,* 257, 259.] It cures no defect of the original affidavit, except that it states more clearly the nature of the plaintiff's claims. Its material averments are all in the present tense. It affirms that each of the plaintiff's claims *is* just, but it does not show that said claims *were just at the time the original affidavit was filed.* It affirms the amount which the affiant believes the plaintiff ought to recover at the time when she makes the amended affidavit, but not at the time when she made the original affidavit.

An amended affidavit cannot be for the purpose of showing that the plaintiff has good grounds for an attachment at the time of making the same, but for the purpose of showing that the plaintiff had good grounds for an attachment at the time the original affidavit was made. The object is not to obtain a new order of attachment, but to sustain one already issued. It is not to show that one might then rightly issue, but to show that the one already issued was not wrongfully sued out.

After it was determined in the court below that the amended affidavit was insufficient, that it did not cure the defects in the original affidavit, the plaintiff again asked

leave to amend her affidavit, but the court refused, and dissolved the attachment. That the court might, in its discretion, have again allowed the plaintiff to amend her affidavit, we have no doubt; but that the court was bound to do so, presents a very different question. No reason is given why the plaintiff failed to amend her affidavit in accordance with the decision and order of the court at its last term. Probably no valid or sufficient reason could be given therefor. If it could, and if the plaintiff desired to claim a second indulgence from the court, why did she not show such reason to the court by affidavit or otherwise? A court in the exercise of its discretion ought always to be sufficiently liberal so as to do justice between the parties, and at the same time ought to be sufficiently rigid so as to make its orders to be respected. Whether justice would have been better promoted if the court had allowed the plaintiff to amend her affidavit a second time, we are unable to say; but that the court did not abuse its discretion, we think it scarcely doubtful, and that the court took the proper course to make its orders respected, we think is beyond all doubt.

The decision and order of the district court must be affirmed.

All the justices concurring.