## R. W. LISTER v. WILLIAM T. BATSON.

1. DAMAGES—*Measure of, on Breach of Parol Contract for sale of Lands.* In case of a refusal of a vendor, under a parol agreement to sell land to fulfill his contract, and where the vendee has had possession but the purchase price has not been paid at all, and a suit is brought for damages, such vendor is only to be charged with the labor done and improvements made thereon by such vendee.

2. ———— *Where Vendee's possession is only partial.* The rule for determining the measure of the vendor's liability in cases where full possession has been in the vendee, will not be extended in a case where the vendee's possession is, at most, only partial.

### Error from Jackson District Court.

BATSON filed his petition in the court below on the *fifth* day of March, 1869, alleging that *Lister*, on the *first* day of said month, made an agreement with said plaintiff to sell him a certain tract of land for the sum of $1,400, and to execute to said plaintiff a good and sufficient deed therefor on the *third* day of March. The petition alleged a breach of said agreement, and demanded judgment for one thousand dollars damages. *Lister* answered —*first*, general denial; *second*, that the defendant was a married man; that said land was his "homestead," occupied as such by him and his family; that his contract to sell was conditioned that his wife should assent thereto, and without whose assent it was to be void; and that his wife refused her assent; *third*, that the contract was not, nor was any note or memorandum thereof, "in writing."

The case was tried at the October Term, 1869. Evidence was offered tending to show that the contract was made, as alleged by *Batson;* that no part of the contract was in writing; that by the terms of the contract *Lister* was to remain in possession of the dwelling-house for four weeks from the 1st of March, and to have the privilege of removing certain trees and shrubs; that *Batson* was, at

the time of making the contract, "put in possession of said lands excepting the dwelling-house thereon," and had before the 3d day of March done work on the premises of the value of $7.75; that the land, on the 1st of March, was worth $2,000; that he was ready to pay the $1400, on the 3d of March; that on the 4th of March *Lister* notified *Batson* that his wife refused to sell and to execute a deed—that the contract was void, and he would not carry it out; that on the 5th of March, and before the commencement of the suit, defendant's wife ordered *Batson* to leave the premises; and that *Lister* and family occupied the premises as a homestead.

The defendant *Lister* asked the court to give certain instructions, which were *refused*. The *third* instruction so asked was as follows:

"If the jury find from the evidence that the premises described in plaintiff's petition was occupied as a residence and homestead by the defendant and his family, on the 20th day of February, and continuously until the 4th of March, 1869—the said defendant being a married man, and the head of a family—and that the agreement set forth in the petition was only by parol, and made without the consent of the defendant's wife, then and in that case the said contract or agreement is void, and the plaintiff cannot recover."

The charge of the court contains the following instructions:

"If the jury find from the evidence that the plaintiff made a verbal contract with the defendant for the purchase of the land described in the petition—that in and by such contract the defendant sold the land to plaintiff for $1400, and placed plaintiff in possession of said land—that plaintiff being thus in possession performed work and labor thereon, and commenced making improvements thereon with the consent of the defendant—and that defendant failed and refused to convey said land to plaintiff, at the time agreed upon, upon plaintiff's de-

mand for a deed and offer to pay the purchase money—
then the plaintiff is entitled to recover of the defendant
his damages sustained as the result of such refusal.

"If you find for the plaintiff, your next inquiry will be
as to the amount of damages. The rule is this—that the
measure of damages in such case is the difference between
the price of the land, as agreed upon, and the amount it
was worth at the time the conveyance was contracted to
be made."

The defendant excepted. The jury returned a verdict
in favor of the plaintiff for $200. Motions for a new
trial, and for judgment *non obstante*, were made and
overruled—and the defendant brings the case here on
error.

*C. K. Gilchrist*, for plaintiff in error:

1. The charge of the court is erroneous. There was
no evidence that Batson "commenced making improve-
ments" on the land with the "consent of the defendant."

It was manifestly wrong to tell the jury in round terms
that the plaintiff can recover damages for refusal to per-
form *a verbal contract* for the sale of lands. If the charge
of the court is correct, then there is no such thing in
Kansas as a Statute of Frauds, or a Constitutional Home-
stead Exemption. It was an undisputed fact on the trial
that this land was the homestead of Lister's family, and
that Lister's wife was not a party to the contract, and
never ratified it. The possession of Batson was tortious,
for it was obtained without consent of defendant's wife.
Art. 15, § 9, Const. of Kansas; *Morris v. Ward*, 5 Kas.,
239.

2. The third instruction asked by Lister should have
been given. The undisputed facts on trial were, that the
contract was "by parol," and that the land was the home-
stead of Lister's family. Lister had defended squarely
on the broad ground that the land was the homestead of

his family, and that if there was a contract, it was only by parol; and if these pleas were supported by evidence, then the instruction should have been given.

Batson knew that this land was Lister's homestead, and he knew that the parol agreement was not binding. The possession by the family was notice to Batson, and he could not even take possession without the consent of the wife. Can one recover damages who is himself in the wrong? _U. P. R. W. Co., E. D., v. Rollins_, 5 Kas., 167.

3. The measure of damages laid down by the court was erroneous. The contract itself was void _in toto_, either under the Statute of Frauds, or under the homestead article of the constitution; and Lister was powerless, without the consent of his wife, to take it out of either. Hence, Batson cannot recover on _the contract_. If he was damnified by Lister in putting him in possession of land which he had no power to convey, he could not claim anything more than pay for what he had done on the land. _Baldwin v. Munn_, 2 _Wendell_, 405, 406; 3 _Wheaton_, 62, note c.

4. The court erred in overruling the motion of Lister for judgment in his favor notwithstanding the verdict of the jury, and also in refusing to set aside the verdict and grant a new trial.

_W. H. Dodge_, and _Martin, Burns & Case_, for defendant in error:

1. Sec. 9, art. 15, of the Constitution, and the case of _Morris v. Ward_, cited by plaintiff in error, have no application to this case. There was no " alienation" or " conveyance" by Lister. What we claim, is, simply an agreement on the part of the plaintiff in error, that _he would alienate_, or _convey_; and while we are willing to concede

that a homestead cannot be alienated by the husband without the joint consent of the wife, and if so alienated it is void, yet we are unwilling to concede that the framers of the constitution, or that the supreme court ever intended to make void an "agreement" made by the husband to convey the homestead.

This is not an action on the equity side of the court, brought to compel a specific performance of the contract. If it were, the authorities cited might be pertinent. This is an action at law, to recover damages sustained by reason of a failure on the part of the plaintiff in error to perform or carry out his agreement for the sale of real estate. Damages may be recovered at law, where a court of equity would not decree a specific performance. 2 Story's Eq., Jur., § 741; 1 Hilliard on Vend., 416, 417; Fry on Sp. Perf., § 11, note 7.

2. As to the rule of damages, we refer the court to Sedg. on Dam., 204, 205, 207; 5 Iowa, 352; 13 Iowa, 1; 24 Wend., 322; 8 Ohio, 49; 16 Ohio St., 580.

The opinion of the court was delivered by

SAFFORD, J.: This was an action brought to recover damages for the breach of a parol agreement for the sale of land. By the terms of the agreement, as appears from the pleadings and the proofs, Lister was to convey to Batson certain described lands upon an agreed consideration, and at a specified time, to-wit, on the next day but one after the making thereof. He reserved the right to occupy the dwelling situate on the premises for the period of four weeks, and to remove certain trees and shrubs there planted and growing. Nothing was paid on account of the purchase money, at the time or since, but Batson entered upon a portion of the premises

and performed some labor, and made preparation for making some improvements thereon. It further appears that the land concerning which the agreement was made, was the homestead of Lister, and that by reason of the refusal of his wife to consent to the sale thereof he was unable to carry out his said agreement; all of which was brought to the notice of the purchaser on the next day after the one on which the deed was to have been made, and who on the next day was forbidden the premises of which the plaintiff in error still retains the possession.

Upon the trial below, which resulted in a verdict and judgment for the sum of two hundred dollars damages as against the vendor, and in favor of the purchaser, the court instructed the jury that—" The measure of damages " *in such case* is the difference between the price of the " land as agreed upon, and the amount it was worth at " the time the conveyance was contracted to be made."

This was duly excepted to by the plaintiff in error as being erroneous; and it is insisted upon here as ground for the reversal of the judgment. In view of the authorities bearing upon the question thus raised, we are of the opinion that the point is well taken. The current of such authorities seems to establish the proposition that in case of the refusal of a vendor on a parol agreement to sell land to fulfill his contract, and when the vendee has had possession but the purchase price has not been paid at all, and a suit is brought for damages, such vendor is only to be charged with the labor done upon such land and improvements made thereon by such vendee. In other words, the vendee in such case is entitled to compensation only for the expenditure of money and labor bestowed upon the

1. DAMAGES—
breach of parol
contract for sale
of land.

land of which he is denied any benefit by the fault of the vendor. This it will be seen is held to be the rule in cases where possession of the land has been in the vendee; and most certainly it ought not to be extended so as to allow increased damages in a case like the one at bar, where the possession of the vendee was at most *only partial:* 14 B. Monroe, 364; Hilliard on Vendors, 161, 163. It is also to be remembered in this connection that the agreement in this case was made with reference to such property, that under the constitution and laws of the State it could not be enforced in full, without the consent of the wife of the vendor, and this is shown to have been withheld: Sec. 9, Art. 15, Constitution. But it does not however, follow that the party injured by the vendor's undertaking what he could not perform could not obtain redress to the extent of actual compensation in accordance with the rule above laid down, by a resort to a suit at law for damages.

*2.—— In cases of partial possession.*

Several questions are raised and argued with great ability on the part of the plaintiff in error, but inasmuch as the case must go back on the point already noticed, it will not be necessary to discuss or to decide them. It may not be out of the way, however, to remark, that we entertain very grave doubts as to whether the record here shows that a *prima facie* case was even made out by the plaintiff.

The judgment is reversed, and the cause remanded for further proceedings.

All the Justices concurring.