ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY CO. v. S. O. THACHER.

PARTIES; *Principal and Agent; Contract by Agent in his own Name.* Where a person acting for himself and also acting as the agent for a certain principal, entered into a contract in his own name with a railway company for the transportation of certain specific cattle, a portion of which belonged to himself and the other portion belonged to his principal, and the name of his principal was not disclosed in said contract, and the cattle were injured during their transportation through the negligence of the railway company, and the principal commenced an action against the railway company for the loss sustained by himself, not making the agent a party to the action, and no claim was made that there was any defect of parties either plaintiff or defendant, but the action was tried upon its merits and judgment rendered for the plaintiff, *held*, that in such a case the action may be maintained.

### Error from Douglas District Court.

ACTION by *Thacher* as plaintiff to recover for damages sustained to 17 of the 35 head of cattle mentioned in the contract set out in the case of the *St. L., K. C. & N. Rly. Co. v. Piper*, ante, pp. 506, 510. All the questions in this case were determined in the case cited except the question whether *Thacher* could maintain an action in his own name on said contract. *Thacher* had judgment at the September Term 1873 of the district court, and the *Railway Company* brings the case here on error.

*Pratt & Ferrey*, for plaintiff in error:

Thacher was' not one of the contracting parties, nor an assignee, and could maintain no action for damages for its breach. Whether *parol testimony* could have been admitted to show that Piper was but an agent in making this contract, and Thacher the *sole principal*, it is unnecessary to discuss, as no such claim was made. While the most respectable courts of England and of the United States have differed, and still do differ upon this question, and, although the weight of authority in numbers is with the affirmative, yet no case we believe can be found where parol testimony was admitted to show that a written contract was made *partly* for the benefit of one named therein as principal, and *partly* for the benefit of an undisclosed principal, so as to give to each a separate right of action. To admit such testimony would be to subject a party contracting, as he supposes, with but one person, to as many different claims and suits as the subject of the contract would admit of. (*Fenley v. Stewart*, 5 Sandford, 101.) The district court held that the defendant in error could show by parol that this contract was made *partly* for himself, and maintain an action upon it for each part, and this we think was error.

*Thacher & Stephens*, for defendant in error:

All actions must be prosecuted in the name of the real party in interest. As to the cattle of Thacher, Piper could

not maintain an action, or if he could, it would inure to the benefit of the real party owning them, and he would only be a nominal party. But no objection was raised in the court below, that Thacher was not the proper party, nor that Piper was a necessary party.

The opinion of the court was delivered by

VALENTINE, J.: On November 27th 1872 G. W. Piper shipped thirty-five head of cattle from Kansas City to Chicago under a written contract between himself and the plaintiff in error, a copy of which contract will be found in the case of this same plaintiff in error against Piper, recently decided in this court; (*ante*, 510.) Eighteen head of said cattle belonged to Piper, and the other seventeen head belonged to the defendant in error, S. O. Thacher. With reference to these seventeen head of cattle, Piper was merely the agent of Thacher for their transportation and sale. There were delays in their transportation claimed to have been caused by the negligence of the railway company, in consequence of which delays the cattle were injured, their value depreciated, and extra expenses incurred. Piper and Thacher then sued the railway company, each bringing a separate action for his own separate loss, and each obtained a judgment against the railway company. The railway company then brought both of the cases to this court for review. We have already decided Piper's case, and in that decision have disposed of every legal question involved in this case except one. That question is, whether Thacher can maintain a separate action for his own separate loss, notwithstanding the fact that the railway company contracted with Piper alone, and had no knowledge of Thacher's interest in the transaction. That Piper could alone maintain an action for the whole loss, including that sustained by Thacher as well as that sustained by himself, we suppose will not be questioned; for "a person with whom or in whose name a contract is made for the benefit of another * * * may bring an action without joining with him the person for whose benefit it was

prosecuted." (Civil Code, § 28.) But whether what might be a single cause of action in favor of Piper may be so divided as to give to Piper and Thacher each a cause of action for that portion of the loss which each has severally sustained, is the question now to be considered by this court. If Thacher had owned all the cattle, instead of only a portion of them, he could unquestionably have maintained an action for the whole loss sustained, for it is generally conceded that under our code, as well as in equity, where a contract is made by an agent for the benefit of his principal the principal may sue on the contract, even though the agent may also have the right to sue, and even where the contract is made in the name of the agent, and the principal's name is not disclosed. *Erickson v. Compton,* 6 How. Pr., 471; *Union India Rubber Company v. Tomlinson,* 1 E. D. Smith, 364; *Morgan v. Reed,* 7 Abbott, 215; *Thompson v. Thompson,* 4 Ohio St., 274; *Brooks v. Minturn,* 1 California, 481; *Ruiz v. Norton,* 4 California, 358. The principal in every such case is "the real party in interest," and under our code the rule is, that "every action must be prosecuted in the name of the real party in interest." (Code, § 26.) Every action allowed to be prosecuted in any other manner constitutes an exception to a general rule. But these exceptions are generally not exclusive. For instance, there are many actions that may be prosecuted in the name of the agent, or in the name of the principal, at the election of the parties; and if Thacher had owned all the cattle in this case this unquestionably would be one of such actions. (1 Waite's Prac., 96.) This should be so, for on the one hand there are many cases where the principal resides in another state and could not well attend personally to the suit himself, and on the other hand there are other cases where the agent may have been discharged and no longer has any interest in the principal's affairs. Indeed, the agent's interests may become hostile to those of the principal's, and in such a case it would not be well for the agent alone to have the power to prosecute the action for the principal. In the present case Piper's agency ceased when he

shipped said cattle to Chicago and sold them; and it would seem absurd that he alone could sue for Thacher's loss. Suppose he should neglect or refuse to sue, would Thacher be without a remedy? And having no interest in Thacher's loss, he might well neglect or refuse to sue. As the railway company were liable on only one contract, and as both Piper's and Thacher's actions were prosecuted in the same court, and at the same time, it is possible that the railway company could have compelled a consolidation of the two suits; or it is possible that they could have compelled Thacher to make Piper a party, either plaintiff or defendant, in Thacher's suit. But none of these questions having been raised in the court below, we do not choose to decide them now. There was no attempt made to consolidate the two suits. There was no attempt made to make Piper a party in Thacher's suit. And there was no claim made that there was any defect of parties, either plaintiff or defendant. The suit was tried upon its merits; and upon its merits Thacher recovered the judgment of which the plaintiff in error now complains; and under the circumstances of this case we think that the judgment was correct, and that the court below did not err in rendering the same. And by allowing Thacher to recover it can hardly be said that it is a division of a single cause of action into two separate causes of action. It is true, that the contract under which both Piper's and Thacher's causes of action arose is a single contract, yet as the cattle belonged to separate owners the railway company, by causing the cattle to be injured, created two causes of action, one in favor of Piper, and the other in favor of Thacher, and each was created at the same time, neither having precedence of the other with regard to time. And the rule is, as we have before seen, that Thacher should sue for his own loss, although by way of exception to the rule Piper might also sue for Thacher's loss, if Thacher himself had not done so. But if Piper should have sued for both his own loss and that of Thacher's, in the same suit, and as one cause of action, it would properly have been the consolidation of two causes of action. To recapitulate: The

railway company by injuring the cattle created two causes of action. These may be prosecuted separately by the respective owners of the cattle, or may be consolidated and prosecuted by Piper alone. But even if by allowing each owner of the cattle to prosecute for his own loss would be to divide a single cause of action into two separate causes of action, still it is possible that such a thing may be done. In New York it has been held, that when an entire demand has been assigned in parts to several persons, the assignee of one of the parts may maintain an action to recover his part. *Cook v. Genesee Mutual Ins. Co.*, 8 How. Pr., 514; *Field v. Mayor of New York*, 6 N. Y., 179; *Christie v. Herrick*, 1 Barb. Ch., 258, 259. But it would seem in such cases that all persons interested in the matter should be made parties to the action, if any party should demand it.

The judgment of the court below is affirmed.

All the Justices concurring.