## MICHAEL CASSIDY v. M. C. FLEAK.

1. SHERIFF—*Is Interested in Action Against His Deputy, Officially*. In an action of replevin, where an affidavit is filed in the case by plaintiff, his agent, or attorney, that the defendant, at the time and before the commencement of the action was a deputy-sheriff in the county where such suit was instituted, and took the property described in the petition in his capacity as deputy-sheriff of said county, such affidavit shows that the sheriff is interested in the case.

2. ———— *Process Issued to Coroner; Interest of Sheriff to be Shown*. In the absence of any allegation in the petition that the sheriff is interested in the action, before the original or other process shall be directed to the coroner to execute, on account of the interest of the sheriff in the action, an affidavit must be filed by the plaintiff, his agent, or attorney, showing that the sheriff is interested.

3. AMENDMENT, *of Affidavit; Curing Error*. Where the affidavit in such a case is otherwise sufficient, and is actually made at the commencement of the action by one of the attorneys of the plaintiff, but fails to show this fact on its face, the defect, or informality, can be cured by an amendment.

### *Error from Osage District Court.*

FLEAK was a deputy-sheriff, and as such officer, levied a writ of execution held by him on certain property which *Cassidy* claimed was exempt from seizure and sale. *Cassidy*, to recover such property, brought replevin against *Fleak*, (and not against the sheriff.) The process was directed to the coroner, and for certain supposed defects in the proceedings the district court, at April Term 1877, dismissed the action. *Cassidy* brings the case here.

*John Martin,* and *Wm. Thompson,* for plaintiff.
*James Rogers,* and *E. M. Sanford,* for defendant.

The opinion of the court was delivered by

HORTON, C. J.: Plaintiff in error brought his action in replevin against defendant in error, in the district court of Osage county, to obtain possession of a horse alleged to have been wrongfully detained by him. The summons and writ of replevin were directed to and served by the coroner of Osage county. The defendant filed no answer, but made a special appearance and asked the court to strike the pretended summons and the pretended writ of replevin from the files, for the reason they were not directed to or served by the proper officer, and for want of any legal service on the defendant. The plaintiff, pending this motion, interposed a request to be allowed to produce and offer testimony to show that a certain affidavit filed at the institution of the action was made by the attorney of the plaintiff. This the court refused to allow. The plaintiff then asked leave to amend the affidavit by inserting the words, "that he is attorney for the said plaintiff." This was also refused. The plaintiff then asked leave to file an amended affidavit, which amended affidavit was then offered to the court. This again the court refused to allow. The court granted the motion of the defendant, and struck the summons and writ of replevin from the files, and set aside the service, and entered judgment of dismissal of the action, with costs taxed against the plaintiff. All of these rulings were over the objection of the plaintiff, and the points are all saved by proper exceptions. The affidavit filed at the commencement of the case is as follows:

(*Title, and Venue.*) "S. B. Bradford, being first duly sworn, deposeth and says, that M. C. Fleak, the defendant above named, at the time and before the commencement of this action was a deputy-sheriff of Osage county, Kansas, and in said capacity as deputy-sheriff, took the said property described in the petition herewith filed." (*Name, and Jurat.*)

Sections 118 and 119, ch. 25, Gen. Stat., provide in sub-

stance, that the clerk, in cases pending in district court, shall direct the original or other process to the coroner, who shall execute the same in like manner as the sheriff might or ought to have done, when the sheriff shall be a party to the case, or whenever any party to the case, his agent, or attorney, shall make and file with the clerk an affidavit stating that he believes that the sheriff will not, by reason of either partiality, prejudice, consanguinity, or interest, faithfully perform his duties in any suit commenced, or about to be commenced in said court. Sec. 701 of the civil code further provides: "An order for a provisional remedy, or any other process in an action wherein the sheriff is a party, or is interested, shall be directed to the coroner." Construing these various sections together, we are of the opinion the district court committed error in refusing the amendments, and in dismissing the case. The sheriff was responsible for the official acts of his deputy, and liable on his official bond for his misconduct. (Sec. 103, ch. 25, Gen. Stat.) Hence, according to the statements of the affidavit, the sheriff was interested. Therefore the summons and writ were not irregularly served. In the absence of any allegation in the petition that the sheriff was interested, the affidavit should have been made by the plaintiff, his agent, or attorney, and this fact should have appeared in the affidavit; but under the provisions of the code for amendments of any process, or proceeding, in the furtherance of justice, the court below should have permitted the affidavit to have been amended to show that at the time the same was made S. B. Bradford was the attorney of the plaintiff; or the court might have permitted the amended affidavit, which was presented, to have been filed. As the affidavit was actually made by the attorney of the plaintiff, and not being fatally defective, an opportunity should have been given to rectify the defect, or rather its informality, when the attention of the court was called to it. *Robinson v. Burton,* 5 Kas. 293; *Forman v. Carter,* 9 Kas. 674. Sec. 701 of the code does not provide for an affidavit; but it would be inconsistent with the other provisions of the code to permit the clerk in such

cases to act upon his own knowledge, or verbal information received from others. If an affidavit is to be filed, it should of course, be made by some one interested, and not by a mere volunteer.

The judgment of the district court will be reversed, and the case remanded with instructions to permit the affidavit to be amended; and when amended, to overrule the motion to set aside the service and strike the writ and summons from the files.

All the Justices concurring.