ANNA TRACY v. O. B. GUNN.

1. AMENDMENT *of Affidavit.* An affidavit for attachment made by one who is in fact the agent or attorney of the plaintiff, but which fails to show that the party so making the affidavit is agent or attorney, may be amended so as to show such fact. (*Cassidy v. Fleak,* 20 Kas. 54.)

2. FRAUD; *Measure of Damages.* In an action on a contract for the sale of real estate, in which the vendor's failure to perform is tainted with

fraud or bad faith, the measure of damages is not limited to the consideration paid and interest, but may include all the actual damages sustained by the vendee.

3. CAUSE OF ACTION *in Favor of Vendee, When.* Where a vendor contracts to convey real estate upon the happening of a certain condition, and then disables himself from performing his contract by making a conveyance to a third party, a cause of action immediately arises in favor of the vendee, irrespective of the question whether the condition named in the contract has happened or not.

4. ACTION, *by Whom Maintained.* A party who pays the consideration of a contract is *prima facie* the party beneficially interested therein, and may maintain an action thereon, although the contract be taken in the name of another party.

*Error from Harper District Court.*

THE nature of the action, and the facts, appear in the opinion. At the February Term, 1882, of the district court, plaintiff *Gunn* recovered a judgment against defendant *Tracy*, who brings the case here.

*Isaac G. Reed,* for plaintiff in error.

*Finch & Finch,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are as follows: On October 13, 1880, plaintiff in error, defendant below, executed a deed without covenants of warranty, to one W. S. Thompson, of certain property in the town of Harper. The consideration named and in fact paid was $100. The deed contained this contract, that when the title to the property should be made complete by deed from the probate judge of Harper county, she would execute to said Thompson a warranty deed therefor. On November 5th, following, Thompson made a similar deed to the defendant in error. Neither of these deeds was recorded. Thereafter, on the 13th day of May, 1881, the plaintiff in error executed a warranty deed for the property to one F. A. Parsons, which deed was duly recorded; by reason whereof the title to the property was vested in said Parsons and lost to the defendant in error.

Tracy v. Gunn.

Thereupon he commenced this action of attachment, claiming to recover as damages the sum of $300.   Judgment was rendered in his favor for $130.80 and costs, and defendant now alleges error.

Several questions are made by counsel in his brief.   The first, as to the amendment of the affidavit for attachment, is disposed of by the case of *Cassidy v. Fleak*, 20 Kas. 54, which is a case directly in point. (See also *Robinson v. Burton*, 5 Kas. 293; *Forman v. Carter*, 9 Kas. 674.)

The second question is as to the measure of damages. Plaintiff in error claims that it was only the price paid and interest, while the court admitted testimony as to the value of the property at the time of the deed, and rendered judgment for such value.   The deed being without any covenants, and having been made at a time when the grantor had no title, it is claimed by counsel for plaintiff in error that the only cause of action is on the contract to execute a further conveyance. We shall assume this claim of counsel to be correct, and decide the case upon that theory.   In breaches of contracts to convey real estate, a peculiar distinction as to the measure of damages runs through the cases, and that founded upon the motive with which the vendor acts.   If he acts in good faith, it is held that the contract price becomes the measure of damages, while if he acts *mala fide*, the vendee may recover the actual damages.   In Field on the Law of Damages, § 485, the author says:

"The tendency of the decisions, both in England and in this country, where the vendor is guilty of fraud or acts in bad faith, is to hold him to a more extended liability, in case of a breach of contract to convey; and the damages in such a case may embrace not only the amount of consideration paid, but the losses of a good bargain and such losses even as were contemplated by the parties at the time of the contract, as the probable result of a breach."

And in support of that cites a large number of authorities. So also Sedgwick in his work on Damages, on page 209, after stating that the general rule in case of a breach of contract is,

that in determining the amount of damages no regard can be paid to the motives which induced the violation of the contract, adds these words:

"To this general rule, however, there undoubtedly exists an important exception, which has been introduced from the civil law, in regard to damages recoverable against a vendor of real estate, who fails to perform and convey the title. In these cases the line has been repeatedly drawn between parties acting in good faith and failing to perform because they could not make a title, and parties whose conduct is tainted with fraud or bad faith. In the former case, the plaintiff can only recover whatever money has been paid by him, with interest and expenses. In the latter, he is entitled to damages resulting from the loss of his bargain. This exception cannot, I think, be justified or explained on principle, but it is well settled in practice."

We shall not attempt to review the authorities which are so fully discussed by the two authors quoted. It is enough for us to say that the doctrine seems to be clearly established, that it is founded in justice, and that it is in harmony with the general rules of the law, which aim to give to a party all the damages which he has actually sustained. The case of *Lister v. Batson*, 6 Kas. 420, is cited by plaintiff in error as an authority to the contrary. But in that case the vendor was not chargeable with bad faith, and while the language of the court in the opinion is general, it must be understood as having reference to the facts in that case. If it were an original question, we think that the doctrine announced in that case and the various cases which it follows, might well be criticised; for why should the good faith of the vendor diminish the actual damages which the vendee has sustained by reason of the breach of the contract? We do not, however, care to review the question decided in that case, but here simply hold that where the vendor acts with bad faith, the vendee is entitled to recover all the actual damages he has sustained by reason of the breach.

Again, it is said that the evidence fails to show the happening of the condition upon which the vendor was to make

the further conveyance.    But inasmuch as the vendor has by
·her conveyance to Parsons disabled herself from complying
with her contract, that is all that needs be shown.    It is the
same as though the condition had been proved, as well as a
refusal to convey.  (*Dill v. Pope*, ante, p. 289.)    The same fact
also does away with the necessity of any demand.    When a
demand would avail nothing, it is useless to make it.    *Lex
neminem cogit ad vana.*  (*Abels v. Glover*, 15 La. An. 249;
*Wilstach v. Hawkins*, 14 Ind. 541.)

Only one other question requires notice, and that is really
the most difficult and embarrassing in the case.    Under the
allegations of the petition and the testimony, does the plaintiff
appear to be the real party in interest, and entitled to re-
cover from the defendant?    The petition sets up the two
conveyances from defendant to Thompson, and from Thomp-
son to plaintiff, and alleges that Thompson took the title in
trust for plaintiff.    The testimony simply shows that the
amount of the consideration of the deed from defendant was
paid by plaintiff.    It fails to show under what arrangement
or for what reason the conveyance was made to Thompson.
No formal assignment from Thompson to plaintiff appears,
the only transfer being the deed from Thompson, which was
similar to the deed from defendant and containing a like
agreement for a warranty deed.  (*Clippinger v. Tuller*, 10 Kas.
377.)  No testimony was offered by defendant.    Of course if
Thompson was simply an agent for plaintiff, and took the
contract in his name but for the benefit of plaintiff, plaintiff
as principal, though not named in the contract, could main-
tain an action thereon.  (*Railway Co. v. Thacher*, 13 Kas.
564.)    With some hesitation we are constrained to think that
this principle is sufficient, notwithstanding the meager show-
ing to sustain the plaintiff's right of recovery.    As he paid
the money, it may be presumed that it was his money.    He
furnishing the consideration, *prima facie* the contract was
for his benefit, and though taken in the name of a third
party, was so taken in his name simply as agent or trustee
for plaintiff.    This presumption is strengthened by the trans-

fer made shortly thereafter by Thompson to him. There being nothing to contradict or weaken the force of these presumptions, it may fairly be held that the plaintiff was the party beneficially interested in the contract, and therefore the party having a right to maintain an action thereon.

We see nothing else in the record requiring special notice, and therefore the judgment will be affirmed.

All the Justices concurring.