THE MISSOURI VALLEY LIFE INS. CO. v. DAVID KELSO.

1. LIFE INSURANCE; *Contract—Stipulations—Policy Obligations.* A life-insurance policy issued on the joint lives of a husband and wife for $5,000 to be paid to the survivor, contained the following stipulation, to-wit: "And the said company promises and agrees that if default shall be made in the payment of any premium after the second annual payment, it will issue a paid-up policy for a sum equal to the full amount of the ordinary annual premiums so paid at the time of such default, provided written application be made therefor, and this policy and all interest therein be surrendered within three months from the date of such default." The first two annual premiums were paid, amounting to the sum of $570. The third annual premium was not paid. The original policy was then surrendered, and the proper application was made for a paid-up policy in accordance with the terms of said stipulation. The company failed and refused to issue said paid-up policy. The insured then assigned their claim to the plaintiff: *Held,* That the company should have issued to the insured a paid-up policy for the amount of $570.

2. ——— *Breach of Contract; Liability.* By failing and refusing to issue said paid-up policy, the company rendered themselves liable to an action by the insured for damages for the breach of their contract, or for the specific performance of their contract, at the option of the insured.

3. ——— *Measure of Recovery.* In the action for damages where both of the insured are still living, a judgment cannot be rendered for more than the survivor of the insured would be entitled to at the end of their joint lives, if the paid-up policy had been issued.

4. ——— *Damages.* Ordinarily, in an action for damages, in such a case, where both the insured are still living the plaintiffs should recover an amount as damages which would be sufficient to purchase just such a policy as was stipulated for in a good and responsible life-insurance company.

5. ——— In such a case it devolves upon the plaintiff to prove damages, and where no damages are proved, the plaintiff can at most recover only nominal damages.

6. ASSIGNMENT, *by Assured.* The claim for damages against the insurance company, in such a case, is assignable.

*Error from Labette District Court.*

THE FACTS fully appear in the opinion. Trial at the May Term 1874. Findings and judgment in favor of *Kelso* for

$614, and the *Insurance Company* brings the case here on error.

*T. A. Hurd*, for plaintiff in error.

*W. C. Webb*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On the 23d of March 1871, the plaintiff in error issued to Joseph A. Cox and Mary Cox a joint life-policy of insurance in the sum of $5,000, loss payable to the survivor, the annual premium on which was $285, payable on or before the 23d day of March in each year. The first and second annual premiums were paid, but the premium which became due March 23d 1873 was not then paid, nor has it since been paid. In the body of the policy is a stipulation in these words:

"And the said company promises and agrees, that if default shall be made in the payment of any premium after the second annual payment it will issue a paid-up policy for a sum equal to the full amount of the ordinary annual premiums so paid at the time of such default, provided written application be made therefor, and this policy and all interest therein, be surrendered within three months from the date of such default."

In the body of the policy were several conditions, the 2d, 3d, and 5th being in the words following:

"2d. If the said premiums shall not be paid at or before 12 o'clock noon, on or before the day above mentioned for the payment thereof, at the office of the company, or to agents when they produce receipts signed by the president or secretary, then and in every such case, the company shall not be liable for the payment of the whole sum insured, but only such parts thereof as is expressly stipulated above, and the remainder shall cease and determine.

"3d. In case this policy shall cease and become null and void, all payments thereon shall be forfeited to the company."

"5th. If this policy is assigned or held as security, written notice shall be given to the company, and due proof of interest produced with proof of death."

A complete copy of the policy is attached to the answer.

·The assured, on the 21st of April 1873, returned the policy
to the company for the purpose of obtaining a paid-up policy.
The policy has ever since remained with the company, and no
paid-up policy has ever been issued. The policy was not
assigned to the plaintiff below, nor ever delivered to him.
On the 23d of January 1874, the assured made a written
assignment, as follows:

"For value received we hereby transfer and assign to
David Kelso our claim and account amounting to $570, with
the interest thereon, against the Missouri Valley Life Insur-
ance Company. JOSEPH A. COX,
"Oswego, Kansas, January 23d, 1874. MARY COX."

The insurance company now claims that neither the peti-
tion below, nor the evidence, shows any cause of action in
favor of the plaintiff below and against the insurance com-
pany. We however think they both do. The fault of the
insurance company was, in failing and refusing to issue a
paid-up policy in accordance with the terms of its agreement.
And this failure and refusal we think the petition sufficiently
alleges, and the evidence sufficiently proves. A correspond-
ence was had between the company and the insured with re-
gard to the issuing of a paid-up policy prior to any default
on the part of the insured, and the correspondence was con-
tinued until after such default. The company seemed to be
entirely willing to issue a paid-up policy until April 23d,
1873, when its secretary wrote and sent the following letter
to the insured, to-wit:

LEAVENWORTH, KANSAS, April 23d, 1873.
J. A. Cox, *Oswego, Kansas.*
DEAR SIR: We are in receipt of your favor of the 21st
instant, with policy 2870, for commutation. We discontin-
ued the issue of joint policies a year ago, and consequently
have no blanks of that form. We would be glad to issue
you a paid-up policy of increased amount upon the life of
either yourself or Mrs. Cox, if such an arrangement could be
effected. Please let us hear from you.
Truly yours, J. I. JONES, *Secretary.*

No offer was ever subsequently made by the company to issue

a paid-up policy on the joint lives of Cox and his wife. And no paid-up policy of any kind was ever in fact issued. This letter we think proves that the insured made the proper application for a paid-up policy, and it, together with the fact that the company never issued such paid-up policy, proves that the company were in default. And this default we think furnished a sufficient basis for a cause of action. But it is claimed that an action for damages cannot be maintained, but only an action for the specific performance of the contract. Now we should think that the insured would have his election as to which kind of action he would bring. He might not want a paid-up policy in an insurance company that had already violated its contract with him. He might not consider a policy in such a company as very valuable. But whatever his opinion might be, we would think that he would have the right to sue the company for damages for the breach of the contract, or to sue the company for a specific performance of the contract, at his option.

But, probably the most difficult question in an action for damages, such as this, is, what should be considered the measure of the damages? In the present case the paid-up policy should have been issued on the joint lives of Cox and wife, and under it the survivor would have been entitled at the death of the other to the sum of $570. But when such death would occur, or when this sum would become due, of course no one can tell. It might be on the same day on which the policy were issued, or it might not be for fifty years thereafter. Evidently then, while both the parties are living, they should not be entitled to recover in an action for a failure to issue the policy more than one of them would be entitled to recover on such policy at the death of the other. In fact, it would not seem that they would be entitled to recover as much. The use of the money is surely worth something. If one of the parties should die before judgment were rendered, then the amount of the judgment should probably be the amount for which the policy should have been issued, together with interest from the date of such death. If how-

ever both of the parties were living at the date of the judgment, the judgment should probably be for a sum which would purchase such a policy in a good and responsible life-insurance company. But if no evidence should be introduced —and that is the case—to show what such a policy could be purchased for, then we would think that the judgment should be rendered for nominal damages only. It always devolves upon the plaintiff to prove his case, and to prove his damages; and where he does not do so he can at most recover only nominal damages. In the present case, the insured are both still living, and there was no evidence introduced to show what their damages were. We would therefore think that it would hardly be fair that the plaintiff should now recover, because of said failure to issue said paid-up policy, more than either of the parties could ever under any circumstances recover under or by virtue of the said paid-up policy if the same had been issued. As we have before stated, the amount for which the policy should have been issued was $570. The court below however rendered judgment in favor of the plaintiff and against the defendant for $614 and costs. And this was done without any evidence or finding showing specifically what the damages were. The case was tried by the court without a jury, and no evidence was introduced showing what the damages were, and the only finding of the court is in the following words, to-wit: "It is the finding of the court therefrom, that the plaintiff's petition is true, and that he is entitled to the judgment therein demanded." The defendant moved the court for a new trial upon nearly all the statutory grounds, but the court overruled the motion. In this we think the court erred. And the court also erred in rendering the judgment it did.

As the cause of action in this case arose out of contract, and is for damages to be paid in money only, we suppose there can be no queston as to its assignability.

The judgment of the court below will be reversed for the errors above mentioned, and cause remanded for a new trial.

All the Justices concurring.