## F. M. CARTER v. J. S. GEORGE & CO.

RENT AND DAMAGES, *Action for; Evidence Erroneously Excluded.* The plaintiff, by a written instrument, leased to the defendants a certain house and lot in Hutchinson, Kansas, and in such instrument the following, among other stipulations, was contained, to wit: "They [defendants] are to take good care of the building, and guard particularly against fire and waste." Afterward the plaintiff commenced an action against the defendants for the rent of the premises, and also for injuries done to the premises while the defendants were in the possession of the property. The court below refused to permit the plaintiff to introduce any evidence tending to show any injuries done to the property by the defendants. *Held,* Error; that such injuries were a breach of the contract, as well as the failure to pay rent; and that the plaintiff was entitled to recover for the injuries done to the house, as well as for the rent of the premises.

*Error from Reno District Court.*

AT the March Term, 1882, of the district court, defendants *J. S. George & Company* recovered a certain judgment against plaintiff *Carter,* who brings the case here. The opinion states the nature of the action, and the facts.

*H. Whiteside,* and *R. A. Campbell,* for plaintiff in error.

*Lewis & Ricksecker,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: On November 29, 1881, the plaintiff in error, F. M. Carter, commenced an action in the district court of Reno county, against J. S. George and J. H. Mauritzins,

partners under the firm-name of J. S. George & Co., and in such action filed the following petition (omitting title), to wit:

"Now comes the plaintiff F. M. Carter, and complains of J. S. George and J. H. Mauritzins, partners under the firm-name of J. S. George & Co., and says that on the 29th day of March, 1881, they made a contract in writing with one H. Whiteside, for the rent of the building on lot 25, South Main street, in the city of Hutchinson, for the space of six months, from April 10, 1881, at ten dollars per month, payable each and every month in advance, which contract is in words and figures as follows:

"'Contract between H. Whiteside and J. S. George & Co., witnesseth: That H. Whiteside hereby rents to J. S. George & Co. his building on lot 25, South Main street, consisting of a front room, a rear room and an up-stairs, for the space of six months, at the rate of $10 per month, payable each month in advance. The said J. S. George & Co. shall have the privilege of keeping said building six months longer at the same terms as for the first six months, but they must notify said Whiteside of their intention to keep the building said additional six months, thirty days before the expiration of the first six months. They are to take good care of the building, and guard particularly against fire and waste. The rent is to run from April 10, 1881.

"'This March 29, 1881.                    H. WHITESIDE.
                                          J. S. GEORGE & Co.'

"This plaintiff says that said Whiteside rented the said building as really her agent, and in addition on the 14th day of November, 1881, assigned to plaintiff all his right, title and interest to the above contract, and any rent due thereon, and to all damages done the said building which was owned by this plaintiff. This plaintiff says by the terms of said contract the defendants were to guard particularly against fire and waste, and to take good care of said building; that they occupied it until November 15, 1881, or about that time, and while so occupying did not take good care of it, but destroyed the plastering and kalsomining in both front and rear room, by saturating the same with grease and jamming hard substances against it. They also destroyed the painting on the shelves, counters, ceilings, sides and pillars of the front room, by abrasions and by covering the same with marks and with dirt and grease. And they destroyed the floors of both rooms by saturating the same with water, grease, dirt, and by

boring holes. They broke out window-lights, broke down pillars, chimney-walls and doors, and they so saturated said building with dirt and grease that it stunk, and still stinks. They smashed down the stair-case, and destroyed the paint on the counters in the rear room, and blackened the rooms with fire and smoke—all contrary to the contract, and with the most reckless carelessness. Plaintiff says that by the above acts of the defendants she is 'damaged in the sum. of $150.

"2. This plaintiff further says, that defendants are indebted to her in the sum of $20, rent due and unpaid by said defendants, from Oct. 10, 1881, to Dec. 15, 1881, the said rent being at the price stipulated in the above contract, which is referred to and made a part of this count.

"Wherefore, plaintiff prays judgment against defendants in the sum of $170, and costs of suit.

WHITESIDE & CAMPBELL,<br>
<i>Attorneys for Plaintiff.</i>"

The defendants answered by filing a general denial, and also setting up new matter; but afterward the new matter was withdrawn, and the case was tried before the court and a jury, upon the petition of the plaintiff and the general denial of the defendants. Upon the trial, the court refused to permit the plaintiff to introduce any evidence tending to prove any of the allegations of the petition, except those concerning the rent; and upon the pleadings and the evidence the jury found a verdict in favor of the plaintiff and against the defendants for $12, and judgment was rendered accordingly. The plaintiff thereupon filed a motion for a new trial, which motion was overruled. The plaintiff now brings the case to this court for review.

Upon what ground the court below excluded all evidence tending to show injuries committed to the leased premises, is not shown; but upon whatever ground the court excluded such evidence, we think the exclusion was error. The contract itself provided that the defendants were "to take good care of the building, and guard particularly against fire and waste;" and certainly, if they committed the injuries set forth in the plaintiff's petition, they did not take good care

of the building; and they therefore committed a breach of their contract. The plaintiff owned the leased premises, and the contract set forth in the plaintiff's petition was executed for her benefit, by her agent. It is true the contract was executed in the name of the agent, and not in her name; but that makes no material difference. (*St. L. K. C. & N. Rly. Co. v. Thacher,* 13 Kas. 564, 567.) Besides, the contract was also assigned by the agent to the plaintiff, and that would give her a right to sue upon it, even if it had not originally been executed for her benefit. (*Life Ins. Co. v. Kelso,* 16 Kas. 481.) See also, upon the question of assignments of choses in action: *Stewart v. Balderston,* 10 Kas. 131, 142; *McArthur v. Green Bay & Mississippi Canal Co.,* 34 Wis. 140, 151, *et seq.*) And as before stated, the injuries set forth in the plaintiff's petition constituted an unquestionable breach of the contract set forth therein. The plaintiff's entire claim was founded upon contract, and upon the contract sued on, and not merely upon tort. It is true that some of the acts complained of were tortious in their nature; but it is also true that they were breaches of the contract sued on. Hence there is no good reason that we can perceive why the plaintiff should not be allowed to recover for the unnecessary and wrongful injuries done to her house.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.